J-A08014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TEONIA TERRI KIMBRO | : | |
| | : | |
| Appellant | : | No. 915 WDA 2021 |

Appeal from the PCRA Order Entered June 22, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002723-2015

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: MARCH 11, 2022**

Appellant, Teonia Terri Kimbro, appeals *pro se* from the post-conviction court's June 22, 2021 order denying, as untimely, her petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

We need not reproduce the facts or a detailed summary of the procedural history of Appellant's case for purposes of her present appeal.  We only note that in January of 2017, Appellant pled guilty to third-degree murder and burglary.  She was sentenced on January 24, 2017, to a negotiated term of 30 to 60 years' imprisonment.  On September 21, 2017, this Court affirmed Appellant's judgment of sentence, and she did not file a petition for permission to appeal to our Supreme Court.  ***Commonwealth v. Kimbro***, 178 A.3d 184 (Pa. Super. 2017) (unpublished memorandum).  Thus, Appellant's judgment of sentence became final on October 21, 2017.  ***See*** 42 Pa.C.S. § 9545(b)(3)

(directing that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113(a) (stating, "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court sought to be reviewed").

Appellant thereafter litigated an unsuccessful PCRA petition, the denial of which we affirmed on appeal. *See Commonwealth v. Kimbro*, 241 A.3d 357 (Pa. 2020) (unpublished memorandum). On April 15, 2021, Appellant filed a second, *pro se* petition, which underlies her present appeal. On April 16, 2021, the court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. She filed a *pro se* response to the court's Rule 907 notice, but on June 22, 2021, the PCRA court issued an order dismissing her petition as untimely.

Appellant filed a *pro se* notice of appeal on July 1, 2021. However, she stated on her notice of appeal that she was appealing from her January 24, 2017 judgment of sentence. The certified record shows that the Erie County Clerk of Courts time-stamped that notice of appeal and entered it in the record, but it did not transfer that appeal to this Court. Instead, it notified Appellant of several errors in her appeal, including that she had failed to provide filing fees. On August 6, 2021, Appellant filed a corrected, *pro se* notice of appeal, again stating she was appealing from the January 24, 2017 judgment of sentence. This appeal was docketed by the trial court and transmitted to this Court.

Thereafter, Appellant indicated in her docketing statement to this Court that she is appealing from the June 22, 2021 order dismissing her PCRA petition. Because it was unclear from this record what order/judgment Appellant was appealing, we issued a Rule to Show Cause order, directing Appellant to explain why her appeal should not be quashed as either an untimely appeal from her judgment of sentence, or an untimely appeal from the June 22, 2021 order denying her PCRA petition. Appellant filed a *pro se* response, which did not provide clarification on the timeliness of her appeal. Nevertheless, we discharged the Rule to Show Cause order, but indicated that the issue of the timeliness of Appellant's appeal could be raised by the merits panel.

On August 16, 2021, the PCRA court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days of the date of the order. The order also notified Appellant that "[a]ny issue not properly included in the Statement timely filed and served pursuant to [Rule] 1925(b) shall be deemed waived." Order for Pa.R.A.P. 1925(b) Statement, 8/16/21, at 1 (single page). On September 23, 2021, the court issued a Rule 1925(a) opinion stating that, as of that date, Appellant had not filed a Rule 1925(b) statement, thereby waiving her claims for appellate review. *See* PCRA Court Opinion (PCO), 9/23/21, at 1 (single page). The record does not indicate that Appellant attempted to file a Rule 1925(b) statement at any point thereafter.

In Appellant's *pro se* brief to this Court, she states three claims for our review:

1. Did trial counsel perform ineffective assistance?

2. Did the trial court commit an abuse of discretion when it denied Appellant's … PCRA [petition]?

3. Did Appellant enter a knowing, voluntary, and intelligent plea?

Appellant's Brief at 8 (unnecessary capitalization omitted).

Initially, we must begin by assessing whether Appellant's notice of appeal was timely filed, as

> [t]he timeliness of an appeal and compliance with the statutory provisions granting the right to appeal implicate an appellate court's jurisdiction and its competency to act. Absent extraordinary circumstances, an appellate court lacks the power to enlarge or extend the time provided by statute for taking an appeal. Thus, an appellant's failure to appeal timely an order generally divests the appellate court of its jurisdiction to hear the appeal.

***Commonwealth v. Williams***, 106 A.3d 583, 587 (Pa. 2014).

In this case, Appellant filed a *pro se* notice of appeal on July 1, 2021. That appeal was timely-filed from the June 22, 2021 order denying her PCRA petition. Although Appellant did not provide a filing fee with her appeal, and she incorrectly stated that she was appealing from her January 2017 judgment of sentence, Pennsylvania Rule of Appellate Procedure 902 states that the "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted

procedural step may be taken." Pa.R.A.P. 902. Here, the PCRA court understood that Appellant was appealing from the denial of her PCRA petition. *See* Order for Pa.R.A.P. 1925(b) Statement at 1 (single page); *see also* PCO at 1 (single page). Accordingly, we need not remand for Appellant to file a corrected notice of appeal. Instead, we consider her July 1, 2021 notice of appeal as being timely-filed from the order denying her PCRA petition.

Nevertheless, Appellant is not entitled to relief. First, she has clearly waived her issues by failing to comply with the PCRA court's order to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Second, even if Appellant's claims were not waived, Appellant has not demonstrated that we have jurisdiction to review the merits of the issues raised in her untimely PCRA petition. The PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the

date the judgment becomes final, unless the petition alleges
and the petitioner proves that:

> (i) the failure to raise the claim previously was the
> result of interference by government officials with the
> presentation of the claim in violation of the
> Constitution or laws of this Commonwealth or the
> Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were
> unknown to the petitioner and could not have been
> ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was
> recognized by the Supreme Court of the United States
> or the Supreme Court of Pennsylvania after the time
> period provided in this section and has been held by
> that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to
invoke one of these exceptions must "be filed within one year of the date the
claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on October 21,
2017, and thus, she had until October 21, 2018, to file a timely petition.
Consequently, her petition filed on April 16, 2021, is facially untimely and, for
this Court to have jurisdiction to review the merits thereof, Appellant must
prove that she meets one of the exceptions to the timeliness requirements set
forth in 42 Pa.C.S. § 9545(b).

Appellant makes no attempt to meet this burden. Instead, she argues
that (1) her trial counsel acted ineffectively by not filing a pre-trial motion to
suppress evidence obtained in this case, and by permitting/causing Appellant
to enter a guilty plea that was involuntary, unknowing, and/or unintelligent;
(2) the PCRA court abused its discretion by denying her petition where she

has had ineffective representation throughout her case; and (3) her guilty plea was unlawfully coerced.

It is well-settled that a claim of ineffective assistance of counsel does not, in and of itself, satisfy any timeliness exception. **See Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 785 (Pa. 2000) ("[A] claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits."). Appellant makes no attempt to explain how her ineffectiveness claims meet a timeliness exception. She also fails to state how her argument that her guilty plea was coerced meets a timeliness exception. Moreover, each of Appellant's claims would fail to meet the one-year requirement of section 9545(b)(2), as Appellant clearly was aware (or could have discovered with due diligence) that her counsel acted ineffectively, and/or that her guilty plea was coerced.

Accordingly, even had Appellant preserved her claims in a Rule 1925(b) statement, we would conclude that she has not demonstrated that her untimely petition satisfies any exception to the PCRA's one-year time-bar. Therefore, the court did not err by dismissing it.[1]

Order affirmed.

---

[1] On March 2, 2022, Appellant filed a *pro se* motion requesting that this Court reinstate her post-sentence motion rights. **See** Application for Post Submission Communication, 3/2/22, at 1 (single page). We hereby deny Appellant's motion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/11/2022